IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05182-PAB

URIEL MICHEL PERALTA ILLESCAS,

Petitioner,

v.

DENVER CONTRACT DETENTION FACILITY/ICE,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Uriel Michel Peralta Illescas' Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 8] and petitioner's Petition for Temporary Restraining Order [Docket No. 3]. Respondents filed a response. Docket No. 13.

## I. BACKGROUND[1]

Petitioner entered the United States in 2003. Docket No. 1 at 5. On July 3, 2026, petitioner was detained by sheriff's deputies in Arizona, allegedly due to his "racial or ethnic appearance." *Id.* He was then transferred to immigration custody. *Id.* Petitioner maintains that the immigration officials did not have an administrative or judicial warrant and did not explain the basis for his detention. *Id.*

[1] The following facts are taken from the habeas petition. Docket No. 1. Respondents do not dispute any facts and do not provide any facts of their own. *See generally* Docket No. 7.

Petitioner asserts one claim: "illegal detention" violates the "5th, 8th, [and] 14th Amendments." *Id.* at 2. Among other things, for relief, he requests that the Court grant his immediate release because his detention "lacks sufficient legal justification and violates [his] rights to due process." *Id.* at 6. Petitioner also attaches a Declaration of Petitioner in Support of His Federal Petition for a Writ of Habeas Corpus, where he discusses: (1) "Circumstances of My Arrest and Detention"; (2) "Conditions Of Confinement and Denial of Medical Care"; (3) "Documented History of Medical-Care Deficiencies at the Facility"; (4) "Immigration Proceedings and Administrative Remedies"; and (5) "Constitutional Grounds and Justification for Federal Habeas Corpus Review." Docket No. 8-1 at 1-5.

On November 10, 2026, respondent filed a response indicating that he "is not submitting a brief in opposition to the Petition," and noted that if the Court decides to grant the petition, "the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, release Petitioner from detention." Docket No. 8 at 1-2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only "[o]n a warrant issued by the Attorney General"); *see also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."). The Department of Homeland Security regulations likewise permit immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws after the officers have obtained a warrant and a Notice to Appear. *See* 8 C.F.R.

§§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings after a warrant and Notice to Appear have issued), *appeal docketed sub nom. Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026).

The "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025). "If the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

Without a warrant, the government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F.

Supp. 3d at 1216-17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).

According to the allegations in petitioner's amended habeas application, the government did not comply with these requirements. Petitioner alleges that the immigration officers who detained him did not have a warrant for his arrest. *See* Docket No. 8 at 5. Respondents do not contest that petitioner was arrested without a valid warrant. *See generally* Docket No. 7. Therefore, given petitioner's unrefuted claim, the Court finds that he was arrested without a warrant, in contravention of § 1226(a).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket No. 7. Therefore, they have waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

The Court finds that respondents lacked statutory authority to arrest petitioner, and his detention is thus unlawful. The habeas application will be granted as to petitioner's claim that he was improperly arrested and detained without a warrant.[2] Respondents acknowledge that the appropriate relief would be an Order directing them

[2] Because the Court will order petitioner's release based on the warrantless arrest, it will not reach petitioner's other claims for relief. That said, to the extent that petitioner raises claims related to the conditions of his confinement, such claims are not cognizable in a federal habeas action. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). Such claims are better suited for a regular civil action, rather than a habeas corpus action. *See id*.

to release Petitioner. Accordingly, the Court will order petitioner released because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026)).

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner's *pro se* Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 8] is **GRANTED**. It is further

**ORDERED** that respondent shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondent shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order. It is further

**ORDERED** that petitioner's Petition for Temporary Restraining Order [Docket No. 3] is **DENIED as moot.**

DATED November 13, 2026

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge